107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie AKEE, Plaintiff-Appellant,
v.
OFFICE OF NAVAJO AND HOPI INDIAN RELOCATION, an
administrative agency of the United States,
Defendant-Appellee.
 No. 96-15040.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1997.
Decided Feb. 03, 1997.
 
 Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marie Akee, a Navajo tribal member, applied for relocation assistance benefits on July 7, 1981, under the Navajo-Hopi Settlement Act, 25 U.S.C. § 640d. The Act authorized, inter alia, relocation assistance benefits for heads of households who moved from land partitioned to the tribe of which they are not a member. In order to qualify for relocation benefits, an applicant must satisfy three requirements: 1) she must prove that on December 22, 1974, she was a legal resident of an area partitioned under the Settlement Act, 2) she must not be a member of the tribe that received the partitioned land, and 3) she must have been a head of household at the time of relocation. 25 C.F.R. § 700.147.
 
 
 3
 The Hearing Officer recommended that Akee be denied benefits because she was not a legal resident of Hopi Partitioned Land on December 22, 1974.[1] The agency, now called the Office of Navajo and Hopi Indian Relocation (ONHIR), notified Akee of final agency action denying her benefits on June 13, 1988.
 
 
 4
 In 1994, Akee filed her complaint in district court, challenging the ONHIR's decision denying her relocation benefits. The district court[2] granted the ONHIR's motion for summary judgment, holding that the ONHIR's determination was supported by substantial evidence as a whole and was not arbitrary. The district court also held that the ONHIR's decision was made in good faith and was not violative of the federal government's trust responsibility owed to Akee as a Native American.
 
 
 5
 On appeal, Akee argues that the district court order should be reversed because the ONHIR's decision denying her relocation benefits was arbitrary given that other applicants who were allegedly similarly situated received benefits and she did not. Akee also asserts that the ONHIR's decision is not supported by substantial evidence, and that the Hearing Officer failed to properly credit evidence favorable to her and thereby violated the ONHIR's trust responsibility owed to Akee as a Native American.
 
 
 6
 After reviewing the evidence and the district court opinion, we find substantial evidence on the record as a whole supports the agency's decision. Akee has not established that the ONHIR's action was somehow inconsistent with its own standards, or that the agency's decision should be rendered arbitrary because of the decisions that she cites granting benefits to other applicants. Additionally, we find that the ONHIR properly applied the eligibility requirements and did not violate its trust responsibility.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Hearing Officer found that Akee did not qualify for temporarily away status. Akee was away from Tolani Lake for a substantial amount of time, she had no belongings or livestock at her grandmother's house, and there was testimony from Akee's husband and grandmother that the trips back to Tolani Lake were basically social visits, and not for maintaining residency. Additionally, the ONHIR submits that Akee never actually voted in Tolani Lake, and that her own hospital records show that she received substantial medical treatment away from Tolani Lake
 
 
 [2]
 The Honorable Paul G. Rosenblatt, United States District Court Judge for the District of Arizona